UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JOSEPH HELMKA,

         Petitioner,

v.                                              Case Number 07-13217
                                                  Honorable David M. Lawson

CAROL HOWE,

         Respondent.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      The petitioner, Paul Joseph Helmka, a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court finds that the petitioner has failed to identify the grounds upon which he seeks habeas relief in his pleadings. The Court, therefore, will dismiss without prejudice the petition for writ of habeas corpus.

I.

      The petitioner pleaded guilty to two counts of second-degree criminal sexual conduct (person under 13), Mich. Comp. Laws § 750.520c(1)(a), in the Shiawassee County Circuit Court on March 18, 2004. He was sentenced to concurrent terms of 100 months to 180 months imprisonment on May 7, 2004. The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Helmka*, No. 267828 (Mich. Ct. App. Feb. 24, 2006) (unpublished). The Michigan Supreme Court denied the petitioner's application for leave to appeal. *People v. Helmka*, 476 Mich. 859, 718 N.W.2d 360 (2006).

      The petitioner dated his habeas petition, utilizing the standard form, on July 26, 2007. His

petition lists the claims he presented to the Michigan Court of Appeals and the claims he presented to the Michigan Supreme Court. Number fourteen on the habeas petition form instructs petitioners as follows:

> 14. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

Petition at 5. The petitioner did not complete number fourteen, leaving the lines for "GROUND ONE," "GROUND TWO," "GROUND THREE," and "GROUND FOUR" blank.

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to state a claim upon which relief may be granted. In his pleadings, the petitioner lists the claims he raised on direct appeal before the

Michigan Court of Appeals and the Michigan Supreme Court, but he does not indicate on what grounds he seeks federal habeas relief. Ordinarily, this Court would assume that the claims on habeas review mirror those presented to the state appellate courts. In this case, however, the claims the petitioner raised in the Michigan appellate courts are not identical. Consequently, this Court cannot identify the claims which the petitioner seeks to pursue on habeas review.

III.

For the reasons stated, the Court concludes that the petitioner has failed to state a claim upon which habeas relief may be granted in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [dkt #1] is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 10, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2007.

s/Felicia M. Moses
FELICIA M. MOSES